UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| NICOLE SAHAJ-MYERS, STACIE WALLS, JONA SCHER,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF EL DORADO; MOKE AUWAE; HOWARD JENCKS; JEFFREY DREHER; BOB ASHWORTH; KEVIN HOUSE; MARK GETCHEL; CRAIG THERKILDSEN and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>_____/ | No. 2:10-CV-01974-FCD-KJM<br><br>MEMORANDUM AND ORDER |

----oo0oo----

On October 29, 2010, plaintiffs Nicole Sahaj-Myers, Stacie Walls, and Jona Scher (collectively "plaintiffs") filed a First Amended Complaint for damages, equitable and/or injunctive relief (the "FAC") against defendants County of El Dorado, Moke Auwae, Howard Jencks, Jeffrey Dreher, Bob Ashworth, Kevin House, Mark Getchel, and Craig Therkildsen.  On December 2, 2010, defendants Auwae, Jencks, Dreher, Ashworth, House, Getchel, and Therkildsen (collectively, "defendants") filed motions to dismiss plaintiffs'

complaint.  Plaintiffs oppose defendants' motions with respect to their claims for violation of civil rights set forth in the sixth cause of action.[1]

Because the court concludes that the FAC lacks the necessary information to place defendants on proper notice and to give them adequate ability to respond as required by Rule 8(a) of the Federal Rules of Civil Procedure, it does not reach the full merits of defendants' pending motions.  While the complaint is fraught with conclusory statements of the law and numerous factual allegations regarding plaintiffs' years of employment with the County of El Dorado, it lacks the necessary information to render the complaint a "short and plain statement of the claim[s]" required by Rule 8(a) and falls short of meeting Rule 8(e)'s requirement that each allegation in the complaint "be simple, concise, and direct."

> Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.  Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.

U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003).

In this case, the court is troubled by the lack of coherent organization of the factual allegations in the complaint as they relate to the specific claims against each individual defendant. All claims against the moving defendants are contained in the

---

[1] Plaintiffs do not oppose defendants' motions to dismiss the other claims against them.

"Sixth Cause of Action" for "Violations of Civil Rights Laws." (FAC ¶¶ 72-77.)  Under this heading, all plaintiffs allege that all defendants (1) discriminated against, harassed, and retaliated against them "because of their protected categories, including but not limited to her sex"; (2) treated them in an unequal and unfair manner; (3) deprived them of their First Amendment right to free speech; (4) deprived them of their First Amendment right to petition the government for redress of grievances; and (6) violated their rights to Due Process and Equal Protection.  However, plaintiffs never identify what specific action or actions each defendant took against each specific plaintiff that forms the basis of the claims. Plaintiffs never identify how each defendant discriminated, harassed, or retaliated against each individual plaintiff. Further, plaintiffs fail to identify with any clarity what "protected categories" to which each plaintiff allegedly belongs. Similarly, plaintiffs fail to identify how each defendant allegedly violated each of their First or Fourteenth Amendment rights.[2]  As such, the complaint does not provide defendants with "fair notice" of the nature of the claims or the "grounds" on which the claims rest.  See Bell Atlantic, 127 S.Ct. at 1964-65 ("A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .").

---

[2] Plaintiffs' FAC also enumerates various alleged violations of the El Dorado County Sheriff's Department's policy manual.  It is unclear how these allegations, if true, amount to a violation of plaintiffs' civil rights.

To permit plaintiff to proceed on the submitted complaint would seriously undermine the goal of Rule 8 in encouraging the fair and expeditious resolution of disputes.  Therefore, for the foregoing reasons, the court makes the following orders:

(1) Plaintiffs shall file and serve a second amended complaint within twenty (20) days of the date of this order, which complies with Rule 8.

(2) Defendants shall file their responses to the first amended complaint within 30 days of service thereof.

(3) Defendants' pending motions are VACATED as MOOT.

IT IS SO ORDERED.

DATED: January 10, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

4