IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICOLE SAHAJ-MYERS, et al.,

      Plaintiff,                    No. 2:10-cv-01974 FCD KJN (TEMP)

      v.

COUNTY OF EL DORADAO, et al.,

      Defendants.            ORDER
_____/

      Presently before the court is the parties' "Stipulation and [Proposed] Protective Order" ("Stipulated Protective Order"), which seeks an order limiting the use and dissemination of information that the parties seek to designate as "confidential." (Dkt. No. 55.)  The undersigned does not approve the proposed Stipulated Protective Order as drafted because it does not conform to the requirements of Eastern District Local Rule 141.1.

      This court's Local Rule 141.1(c) provides:

> **(c)  Requirements of a Proposed Protective Order.**  All stipulations and motions seeking the entry of a protective order shall be accompanied by a proposed form of order.  Every proposed protective order shall contain the following provisions:
>
> (1)  A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

1

<–> 

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

E. Dist. Local Rule 141.1(c)(1)-(3). Although the Stipulated Protective Order arguably makes the showing required by subsections (c)(1) and (c)(2) of Local Rule 141.1, it does not contain any provision addressing "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." E. Dist. Local Rule 141.1(c)(3). Thus, the parties have not made the showing required by Local Rule 141.1(c), and the undersigned does not approve the Stipulated Protective Order as proposed. However, the parties may either enter into a private agreement or file a proposed stipulated protective order that meets all of the requirements of the Federal Rules of Civil Procedure and this court's Local Rules.[1]

In addition, paragraph IV.B. of the proposed protective order suggests that the parties intend this court to retain jurisdiction over the Stipulated Protective Order and any disputes arising therefrom after this action has concluded.[2] The undersigned is strongly disinclined to approve any provision that creates retained jurisdiction over the Stipulated Protective Order and related disputes after termination of the action.

For the foregoing reasons, IT IS HEREBY ORDERED that the parties' "Stipulation and [Proposed] Protective Order" is not approved, but without prejudice to the

---

[1] The court recognizes that the parties set forth in the proposed protective order at 3:10-3:13 that production of the documents covered by the proposed protective order "may run afoul of privacy rights guaranteed under the United States Constitution, the California Evidence Code, and Article I, Section 1 of the California Constitution, and/or the California Police Officers' Bill of Rights." The court also acknowledges that although this action proceeds in federal court, the documents addressed in the proposed protective order are subject to special protection in state court proceedings. See, e.g. Cal. Evid. Code § 1043. However, the parties do not adequately explain why these issues must be addressed by a court issued protective order.

[2] Local Rule 141.1(f) provides: "Once the Clerk has closed an action, unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." E. Dist. Local Rule 141.1(f).

1  refiling of a sufficient proposed stipulated protective order if the parties are unable to reach a
2  private agreement.
3          IT IS SO ORDERED.
4  DATED: May 20, 2011

                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE