**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Nancy J. Sheehan, SBN 109419
Beatriz Berumen, SBN 271249
350 University Avenue, Suite 200
Sacramento, California 95825
Telephone: 916.929.1481
Fax: 916.927.3706
E-mails:  nsheehan@porterscott.com, bberumen@porterscott.com

**Attorneys for Defendants:** COUNTY OF EL DORADO and MARK GETCHEL

Douglas E. Watts, SBN 182274
**WATTS LAW OFFICES**
1745 Creekside Drive
Folsom, CA 95630
Telephone:  (916) 337-5221
Facsimile:  (916) 404-5031
E-mail: dougwattsesq@yahoo.com

Stephen M. Murphy, SBN 103768
**LAW OFFICES OF STEPHEN M. MURPHY**
180 Montgomery St., Suite 940
San Francisco, CA 94104
Phone: (415) 986-1338
Facsimile: (415) 986-1231
E-Mail: smurphy@sick-leave.com

**Attorneys for Plaintiffs**: NICOLE SAHAJ-MYERS, STACIE WALLS, and JONA SCHER

C. Christine Maloney, SBN 226575
**FOSTER EMPLOYMENT LAW**
3000 Lakeshore Avenue
Oakland, CA 94610
Tel: 510.763.1900 ext. 108
Fax: 510.763.5952
cmaloney@fosteremploymentlaw.com

**Attorneys for Defendants:** MOKE AUWAE, HOWARD JENCKS, JEFFREY DREHER, BOB ASHWORTH, KEVIN HOUSE, and CRAIG THERKILDSEN

///

///

///

///

///

///

1
**STIPULATION REGARDING PROTECTIVE ORDER AND [PROPOSED] ORDER**
{00860773.DOC}

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE SAHAJ-MYERS, STACIE WALLS, and JONA SCHER, | CASE NO. 2:10-CV-01974-FCD-CKD |
| Plaintiffs, | **STIPULATION REGARDING PROTECTIVE ORDER AND ORDER** |
| vs. | |
| COUNTY OF EL DORADO; MOKE AUWAE; HOWARD JENCKS; JEFFREY DREHER; BOB ASHWORTH; KEVIN HOUSE; MARK GETCHEL; CRAIG THERKILDSEN; and Does 1 through 50, inclusive | **Complaint Filed:** 07-24-10<br>**First Amended Complaint Filed:** 10-29-10<br>**Second Amended Complaint Filed:** 01-30-11<br>**Third Amended Complaint Filed:** 06-03-11<br>**Trial Date:** 03-12-13 |
| Defendants. | |

Defendants COUNTY OF EL DORADO, MOKE AUWAE, HOWARD JENCKS, JEFFREY DREHER, BOB ASHWORTH, KEVIN HOUSE, MARK GETCHEL, and CRAIG THERKILDESEN (collectively hereafter "Defendants")[1] in good faith believe that certain discoverable documents and deposition testimony in the above-captioned case contain information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

Potentially discoverable documents include, but are not limited to:

1. El Dorado County Sheriff's Department employee personnel files, background files and workers' compensation files;

2. El Dorado County Sheriff's Department Internal Affairs investigation documents;

---

[1] Except as otherwise noted, all future references to "Defendants" includes all Defendants named herein, regardless of whether the Defendants are represented by the same counsel or separate counsel.

    3. COUNTY Human Resources investigation documents;

    4. El Dorado County Sheriff's Department employee performance evaluations, letters of counseling, disciplinary proceedings, and related supporting documents;

    5. Plaintiffs' medical records and psychiatric records;

    6. Citizen complaints.

All parties acknowledge that there are likely to be substantial amounts of documents and other material in existence which touch upon a number of sensitive matters and which may invade the right of privacy not only of the parties, but of a number of non-parties employed in the law enforcement community, private citizens, minors and victims of crime. Without a protective order in place, if such information is required to be produced in discovery, it may run afoul of privacy rights guaranteed under the United States Constitution, the California Evidence Code, and Article I, Section 1 of the California Constitution, and/or the California Police Officers' Bill of Rights.

All parties have agreed that Attorney Carolyn Langenkamp be retained as a discovery referee to serve as the first level of review for all discovery issues that cannot otherwise be worked out by the parties. Given the sensitive nature of potentially discoverable information the parties will likely need to seek court intervention to resolve discovery disputes as to which records and information warrant confidential protection. The parties may also need the court's assistance in preserving confidentiality of information provided to the court through this process. Further, this litigation has received substantial publicity and court involvement may also be needed to ensure that confidential information is not misused or publicized, and that the parties receive a fair trial. Defendants believe a court order, not a private agreement, properly facilitates the limited disclosure of such documents while protecting them from general disclosure.

Defendants also recognize that in prior circumstances, District Courts within the Ninth Circuit have ordered disclosure of peace officer personnel records subject to a protective order signed by the Court. (*See, e.g., Deocampo v. City of Vallejo*, 2007 U.S. Dist. LEXIS 43744 (E.D. Cal. 2007). In light of the customary treatment given peace officer personnel records in this Circuit, the sensitive nature of the documents to be disclosed and the strong presumption against disclosure of such information in response to a public records request or in response to discovery in a similar civil action in state court absent a court order, Defendants hereby request disclosure be governed by a court-ordered protective order.

Subject to and without waiving any statutory or Constitutional privileges or objections to the admissibility or discoverability of any testimony, information or documents produced in connection with this Order, the parties stipulate that access to and use of such testimony, documents and information shall be governed by the provisions of this Stipulated Protective Order and that the terms set forth herein may be entered by the Court, pursuant to Federal Rule of Civil Procedure 26(c). This Stipulated Protective Order shall also apply to all copies, extracts, and summaries of designated documents.

## I.
## **DESIGNATION OF CONFIDENTIAL DOCUMENTS**

A.   "Confidential" materials shall be all documents that are handwritten, typewritten, printed, photostated, photographed, photocopied, transmitted by electronic mail or facsimile, and recorded by every means upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols, or combinations thereof, and any records thereby created regardless of the manner in which the record has been stored, which contain confidential and private information pertaining to Plaintiffs NICOLE SAHAJ-MYERS, STACIE WALLS, and JONA SCHER,  Defendants MOKE AUWAE, HOWARD JENCKS, JEFFREY DREHER, BOB

ASHWORTH, KEVIN HOUSE, MARK GETCHEL, and CRAIG THERKILDSEN, and any current or former COUNTY OF EL DORADO employees, and/or third persons who are not parties to this suit.

  B. The scope of this Stipulated Protective Order is limited to the following categories of documents, which may or may not be subject to discovery:

    1. El Dorado County Sheriff's Department Internal Affairs investigation documents;

    2. El Dorado County Sheriff's Department Human Resources investigation documents;

    3. El Dorado County Sheriff's Department memoranda and related supporting documents;

    4. El Dorado County Sheriff's Department employee personnel files, background files and workers' compensation files;

    5. El Dorado County Sheriff's Department employee performance evaluations, letters of counseling, disciplinary proceedings, and related supporting documents;

    6. Plaintiffs NICOLE SAHAJ-MYERS, STACIE WALLS, and JONA SCHER's medical and psychiatric records; and

    7. Citizen complaints.

  C. Any document may be designated as "Confidential" upon a good faith determination by a party that the document contains private personnel information, and by stamping or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the face of the document. Tangible things other than documents (e.g., audio tapes, products, computer disks, etc.) may be designated by stamping or affixing the designation to the item or its container, as appropriate.

D. A party producing a "Confidential" document may redact any private personnel information which may be affected by dissemination of the "Confidential" document. Redactions shall be made by such method that the masking of any text is readily apparent to persons reviewing the "Confidential" document, and the document shall also be marked "Redacted."

E. Any party may designate material as "Confidential" after production, only under the following conditions:

1. The party to whom such documents have been produced must be advised in writing of the new designation;

2. The new designation applies only as of the date and time of receipt of notice by the party notified;

3. The party to whom such documents have been produced must return the documents to the producing party, and in return must be provided with another copy of the documents that bears the new and correct designation;

4. The party to whom such documents have been produced must make a good faith effort to immediately retrieve any information disclosed to persons not authorized by this Protective Order to receive such information, and obtain an agreement from the persons to whom the disclosure was made to be bound by this Protective Order.

## II.
## RESTRICTIONS REGARDING CONFIDENTIAL DOCUMENTS

A. No "Confidential" documents produced by any party shall be used for any purpose other than the litigation, preparation and trial of this case, *Sahaj-Myers, et al. v. County of El Dorado, et al.*, Case No. 2:10-CV-01974-KJM-KJN, with the following exception.

A related case order was issued in *Hunt v. County of El Dorado, et al.*, Case No. 2:10-CV-01367-FCD-KJN (TEMP) on September 27, 2010. Both actions assert claims of discrimination,

retaliation, failure to prevent discrimination and civil rights violations. The parties anticipate they will likely seek discovery repetitive of the discovery already produced in the *Hunt* matter, including discovery of El Dorado County Sheriff's Department policies, practices, and procedures. To avoid unnecessary duplication, the parties in this case agree that any party served with written discovery may respond, if applicable, by referring to the relevant discovery responses issued in the *Hunt* case by the party in this case who is responding to discovery requests. The parties further agree that deposition testimony taken in the *Hunt* case may be used in this case, subject to any objections, including but not limited to objections regarding relevance, admissibility and confidentiality. The parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings, including trial of this case or any related case.

  B. There shall be no disclosure of documents or information designated as "Confidential" to anyone other than the following:

    1. The parties to the case, including current employees, officers, or directors of a corporate or entity party responsible for assisting counsel in the litigation and who have a reasonable need to know the contents of the "Confidential" documents;

    2. The parties' attorneys, and the attorneys' staff, including, but not limited to, outside copy service personnel;

    3. Experts and consultants retained by attorneys for the parties in the preparation or presentation of the case;

    4. The court or other officer who presides over any proceeding in the case, and to court reporters as necessary.

  C. Disclosure.

1.Whenever, during the course of a deposition, "Confidential" documents or information are utilized by the examining attorney, only those parties permitted access to such documents pursuant to this Stipulated Protective Order shall be present at the deposition. Counsel for the party noticing the deposition shall instruct the court reporter that he or she is to ensure that all exhibits containing "Confidential" exhibits are labeled prominently as "CONFIDENTIAL," and that originals or copies of such "Confidential" exhibits may be released to no one except counsel for the parties.

2.Any party to this Stipulation may designate testimony given during a deposition as "Confidential" via the party's counsel making a statement on the record before or during the testimony that it is "Confidential" and subject to this stipulation and order. The portions of a deposition which contain "Confidential" testimony shall be prepared by the court reporter in a separate transcript.

D.As to all documents or materials designated as "Confidential" pursuant to this Stipulated Protective Order, the parties agree that they will seek permission from the Court to file the Confidential information under seal according to Local Rule 141. If permission is granted, the Confidential material will be filed and served in accordance with Local Rule 141.

### III.

### **GENERAL**

A.The terms of this Stipulated Protective Order shall be binding on all parties from the time that all parties' counsels have signed the Stipulation, even if the Court has not signed the Order.

B.This Stipulated Protective Order may be modified or terminated by the court for good cause shown, or by signed stipulation by all parties.

C.Any party for good cause may apply to the Court or the Discovery Referee, if appointed, to challenge a designation made by any other party, or to reveal information that the producing party

has redacted, after an attempt has been made to meet and confer over the issue. Upon such a request to the court to challenge the designation made, the Court or the Discovery Referee shall first review the documents and determine whether the designation is appropriate. The parties shall comply with this Stipulated Protective Order unless the Court or the Discovery Referee orders otherwise.

D. The party designating material as "Confidential" may waive any of the provisions of this Stipulated Protective Order in writing.

E. The parties agree that they will meet and confer with the court as necessary about the handling of material designated by any of the parties as "Confidential," produced pursuant to this Stipulated Protective Order for trial purposes. Nothing herein shall be construed as a concession by any party that its presentation at trial of evidence relevant to its claims or defenses should be restricted in any manner.

F. This Order shall be without prejudice to present a stipulation or motion to the court under Federal Rule of Civil Procedure 26(c) for a separate Protective Order as to any particular document or information, including restrictions different from those as specified herein. This shall not be deemed to prejudice the parties in any way in any future application for modification of this Stipulation and Order.

## IV.

## TERMINATION OF THE LITIGATION

A. Within twenty days after a final unopposed judgment or demand after settlement, all original "Confidential" materials and all copies or portions thereof containing or reflecting information from "Confidential" documents shall be returned to counsel for the producing party.

B. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any

subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.  Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties.

**IT IS SO STIPULATED.**

Dated:  August 4, 2011                     **WATTS LAW OFFICES**


By/*Douglas E. Watts/* (as authorized on 08/04/11 )
   Douglas E. Watts
   Attorneys for Plaintiffs
   NICOLE SAHAJ-MYERS, STACIE WALLS and JONA SCHER

Dated:  August 4, 2011                     **LAW OFFICES OF STEPHEN M. MURPHY**


By/ *Stephen M. Murphy/* (as authorized on 08/04/11 )
   Stephen M. Murphy
   Attorneys for Plaintiffs
   NICOLE SAHAJ-MYERS, STACIE WALLS and JONA SCHER

Dated: July 14, 2011                       **FOSTER EMPLOYMENT LAW**


By/ *C. Christine Maloney/* (as authorized on 07/14/11 )
   C. Christine Maloney
   Attorney for Defendants
   MOKE AUWAE, HOWARD JENCKS, JEFFREY DREHER, BOB ASHWORTH, KEVIN HOUSE and CRAIG THERKILDSEN

Dated:  August 8, 2011                     **PORTER SCOTT**
                                           **A PROFESSIONAL CORPORATION**


By/*Nancy J. Sheehan*
   Nancy J. Sheehan
   Beatriz Berumen
   Attorneys for Defendants
   COUNTY OF EL DORADO and MARK GETCHEL

# **ORDER**

Having reviewed the above Stipulation, and good cause appearing,

**IT IS SO ORDERED.**


Dated:  August 10, 2011                                       /s/ Carolyn K. Delaney
                                                              Hon. Carolyn K. Delaney
                                                              UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

# <u>NONDISCLOSURE AGREEMENT</u>

I, _____, hereby swear that I am fully familiar with the terms and conditions of the Stipulated Protective Order entered in _____ in United States District Court for the Eastern District of California, Case No. 2:10-CV-01974-FCD-CKD, and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____                          _____

                                                                                    _____

**STIPULATION REGARDING PROTECTIVE ORDER AND [PROPOSED] ORDER**

{00860773.DOC}