**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Nancy J. Sheehan, SBN 109419
Jeremy P. Ehrlich, SBN 284656
350 University Avenue, Suite 200
Sacramento, California 95825
(916) 929-1481
(916) 927-3706 (facsimile)

Attorneys for Defendant
COUNTY OF EL DORADO

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE SAHAJ-MYERS, STACIE WALLS, and JONA SCHER,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF EL DORADO; MOKE AUWAE; HOWARD JENCKS; JEFFREY DREHER; BOB ASHWORTH; KEVIN HOUSE; MARK GETCHEL; CRAIG THERKILDSEN; and Does 1 through 50, inclusive<br><br>Defendants. | CASE NO. 2:10-CV-01974-JAM -CKD<br><br>**ORDER RE DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF ISSUES**<br><br>Date:   March 20, 2013<br>Time:   9:30 a.m.<br>Courtroom: 6<br><br>Complaint Filed:   07-24-10<br>First Amended Complaint Filed:   10-29-10<br>Second Amended Complaint Filed:   01-30-11<br>Third Amended Complaint Filed:   06-03-11<br>Trial Date:   06-10-13 |

    The Motions for Summary Judgment/Summary Adjudication of Issues brought by Defendant COUNTY OF EL DORADO (Docket Nos. 89, 99, 110) came on regularly for hearing on March 20, 2013 before this Court.

    Plaintiffs were represented at the hearing by Stephen M. Murphy, Esq. Defendant was represented by Nancy J. Sheehan, Esq. and Jeremy Ehrlich, Esq. of Porter Scott.

**A. Abandoned claims**

    Plaintiffs abandoned their claim for marital status discrimination, which was part of the first and fourth claims for relief asserted under the FEHA and Title VII, respectively. Plaintiffs also abandoned

their fifth claim for relief, for violation of 42 U.S. C. §§ 1983 and 1985. Accordingly, summary adjudication of the fifth claim for relief asserted by all Plaintiffs is GRANTED.

**B. Motion for summary judgment/summary adjudication of claims asserted by Plaintiff SAHAJ-MYERS**

A triable issue of material fact exists on the remaining aspects of the first and fourth claims for relief for gender discrimination, including gender-based harassment. Plaintiff SAHAJ-MYERS has alleged a number of incidents which could, if believed, form the basis for a jury to find that she was harassed on the basis of her gender or treated in a disparate manner because of her gender. For that reason, summary adjudication of those claims for relief is DENIED.

Since a triable issue of material fact exists on the first claim for relief for gender discrimination and gender-based harassment under the FEHA, a triable issue of material fact also exists on whether the COUNTY OF EL DORADO took sufficient steps to prevent harassment and discrimination from occurring. For that reason, summary adjudication of the third claim for relief is DENIED.

The second claim for relief is asserted under the FEHA. SAHAJ-MYERS alleges the COUNTY OF EL DORADO retaliated against her for engaging in protected conduct by terminating her employment. Defendant established legitimate, non-retaliatory reasons for the termination of Plaintiff's employment. SAHAJ-MYERS failed to provide documentation supporting the ongoing need for a medical leave of absence. It was her responsibility to provide the documentation to her employer. The termination did not take place until almost 18 months after SAHAJ-MYERS last engaged in protected activity. Plaintiff failed to show that Sheriff D'Agostini did not honestly believe the stated reasons for the termination decision, or any other evidence of pretext. Under the holding in *Villiarimo v. Aloha Airlines, Inc.,* 281 F.3d 1054 (9th Cir. 2002), summary adjudication of this claim is GRANTED.

**C. Motion for summary judgment/summary adjudication of claims asserted by Plaintiff SCHER**

A triable issue of material fact exists on the remaining aspects of the first and fourth claims for relief for gender discrimination, including gender-based harassment. Plaintiff SCHER alleged a number of incidents which could, if believed, form the basis for a jury to find that she was harassed on the basis of her gender or treated in a disparate manner because of her gender. For that reason, summary adjudication of those claims for relief is DENIED.

Since a triable issue of material fact exists on the first claim for relief for gender discrimination and gender-based harassment under the FEHA, a triable issue of material fact also exists on whether the COUNTY OF EL DORADO took sufficient steps to prevent harassment and discrimination from occurring. For that reason, summary adjudication of the third claim for relief is DENIED.

SCHER alleges the COUNTY OF EL DORADO retaliated against her for engaging in protected conduct by terminating her employment. Defendant established legitimate, non-retaliatory reasons for the termination of Plaintiff's employment. During 2009 SCHER had multiple contacts with law enforcement agencies while she was off duty. She was under the influence of alcohol during three of these contacts. Plaintiff was arrested in November, 2009 and charged with various violations of the California Penal Code. While she was on administrative leave as a result of that event she went to Nevada and had contact with law enforcement officials there, and failed to report this to her employer, as required by EDSO rules. SCHER did not engage in protected activity until after the incidents that formed the basis of the termination decision occurred. Plaintiff failed to show that Sheriff Kollar did not honestly believe the stated reasons for the termination decision, or any other evidence of pretext. Under the holding in *Villiarimo v. Aloha Airlines, Inc.,* 281 F.3d 1054 (9th Cir. 2002), summary adjudication of the second claim for relief is GRANTED.

### D. **Motion for summary judgment/summary adjudication of claims asserted by Plaintiff WALLS**

A triable issue of material fact exists on the remaining aspects of the first and fourth claims for relief for gender discrimination, including gender-based harassment. Plaintiff WALLS has alleged a number of incidents which could, if believed, form the basis for a jury to find that she was harassed on the basis of her gender or treated in a disparate manner because of her gender. For that reason, summary adjudication of those claims for relief is DENIED.

Since a triable issue of material fact exists on the first claim for relief for gender discrimination and gender-based harassment under the FEHA, a triable issue of material fact also exists on whether the COUNTY OF EL DORADO took sufficient steps to prevent harassment and discrimination from occurring. For that reason, summary adjudication of the third claim for relief is DENIED.

WALLS alleges the COUNTY OF EL DORADO retaliated against her for engaging in protected conduct by taking a number of actions, including conducting an Internal Affairs investigation into her conduct towards an EDSO volunteer; issuing a letter of reprimand based on a finding that she was rude and disrespectful to the volunteer; investigating comments about the EDSO that she posted on SAHAJ-MYERS' Facebook page; having a captain caution her about making unfounded statements after WALLS told SAHAJ-MYERS some sergeants were in a room together and may have been discussing an investigation into a complaint; and because a sergeant made a finger-pointing gesture towards WALLS shortly after the filing of this lawsuit that she interpreted as a threat. None of the actions complained of resulted in an adverse employment action that materially affected the terms, conditions, or privileges of Plaintiff's employment. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1049-1050 (2005). In the absence of evidence of this essential element, summary adjudication of the second claim for relief is GRANTED.

For the reasons set forth above and in the transcript attached hereto as Exhibit 1,

**IT IS SO ORDERED**.

Dated: 4/1/2013                                /s/ John A. Mendez
                                               Honorable John A. Mendez
                                               United States District Court Judge

**Approved as to Form and Content**:

By___/s/Stephen M. Murphy_____
       Stephen M. Murphy, Esq.
       (as authorized on 3/29/13)